**07 CIV 7591**

Judge Hellerstein

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abdul Wakil Akbarzai, individually ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | COMPLAINT FOR |
| vs ) | DECLARATORY |
| ) | RELIEF IN THE |
| ) | NATURE OF |
| Andrea Quarantilo as District Director of the ) | MANDAMUS |
| New York District Office of the United States ) | |
| Citizenship and Immigration Services ("USCIS"), ) | |
| Emilio T. Gonzalez, Director of the USCIS, and ) | CASE NUMBER: |
| Michael Chertoff, Secretqry of the Department of ) | |
| Homeland Security ("DHS") ) | |
| ) | |
| Defendants ) | |
| ) | |

AUG 2 7 2007
U.S.D.C.
CASHIERS

# INTRODUCTION

- This is an individual action for declaratory and mandatory relief authorized by the Declaratory Judgment Act, 19 U.S.C. Section 1361, and the Administrative Procedure Act et. seq. This action challenges the USCIS policy of refusing to process Plaintiff's application for adjustment of status to that of a lawful United

- States permanent resident (form I-485) filed with proper fee paid almost two (2) years ago whereas the Plaintiff is eligible for such adjustment of status to that of a United States lawful permanent resident as a result of having had an immigrant visa petition (Form I-140) as a multinational executive of a global employer, Bank Mille, the principal owner of Afghan American Trading Co., Inc., which was approved almost three (3) years ago by the USCIS at its Vermont Service Center in St. Albans, Vermont, classifying the Plaintiff as the beneficiary of such an immigrant visa petition under section 203(a)(1)(C) of the Immigration and Nationality Act ("Act") and the filing of a Form I-485 then uses the approved Form I-140 to grant adjustment of status to individual applicants if they file a Form I-485 at the Vermont Service Center of the USCIS.

## JURISDICTION

- This Court has jurisdiction over the present action pursuant to 28 U.S.C. section 3331- Federal Question Jurisdiction; section 2201 et seq- the Declaratory Judgment Act; 5 U.S.C. section 702.- the Administrative Procedures Act and 28 U.S.C. Section 1361, regarding an action to compel an office of the United States to perform her duty.

## VENUE

- 28 U.S.C. Section 1391(b)(2), as amended, provides that in a civil action in which each defendant is an officer of employee of the United States or any

agency thereof acting in her official capacity, or under color of legal authority, or any "...*judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated....*"

## PLAINTIFFS

- 4. Plaintiff is an applicant for Adjustment of Status to Lawful Permanent Residence of the United States pursuant to INA 245, at appropriate line, who at the time he requested his Adjustment of Status application be adjudicated by the New York District of the USCIS, was eligible for Adjustment of Status benefits because an employment based visa petition was approved by the USCIS with a current priority datewhich was well within the processing cut-off date for the Adjustment of Status to that of a US Lawful Permanent Resident. . Plaintiff was and is a person of good moral character, in that he has not had any criminal record and is an upstanding member of the communities in which he lives. Plaintiff herein has awaited notification from the NY District Office concerning scheduling of an interview and adjudication of the application he had filed and the Plaintiff had given reasonable time to the USCIS to do so.

## DEFENDANTS

- Defendant, Andrea Quarantilo is the Director of the NY District Office of the USCIS; Emilio T. Gonzalez is the Director of the USCIS; Michael Chertoff is the

Secretary of the DHS, who have failed to adjudicate instant application for Adjustment of Status based on USCIS's current policy prevalent in the USCIS system for adjudicating such applications.

## INDIVIDUAL ACTION ALLEGATIONS

- Plaintiff brings this action on behalf of himself as an Applicant for Adjustment of Status to Lawful Permanent Resident of the United States, born in Afghanistan and eligible for adjustment of status. Plaintiff's current status has diminished utility for his employer because of a lack of the ability to travel frequently on business on behalf of the employer or to embark on any or other such career and business objectives that could increase Plaintiff's personal and professional utility as an employee of the employer for several years in a row.

## FACTUAL ALLEGATIONS

- Plaintiff has diligently followed up with the USCIS while the Defendants failed to adjudicate Plaintiff's Adjustment of Status application even as an ordinarily processed application.

- Plaintiff inquired several times with the USCIS, including submit a letter from his local congressman, as to the time required for adjudication of his application but to no avail.

4

- Plaintiff has exhausted all administrative remedies available and has determined that no adequate or reasonable remedy, other than the instant complaint before this court, exists.

- Due to Defendants' willful and unreasonable delay in adjudicating Plaintiff's Application for Adjustment of Status, Plaintiff will be forced to relinquish either his job or professional status within the employer corporate entity who obtained an approval of a Form I-140 for the Plaintiff and is otherwise ready, able and willing to continue Plaintiff's employment within the corporate entity.

## STATUTORY AND REGULATORY FRAMEWORK

- Plaintiff has established eligibility for adjustment of status benefit absent any derogatory factors which would compel the USCIS to exercise unfavorable discretion and/or deny Plaintiff's application for adjustment of status. Plaintiff continues to work for the same employer who filed and obtained an approval of the immigrant visa petition on behalf of the Plaintiff several years ago.

- Plaintiff has neither abandoned his employment which formed the basis of the Form I-140 approval nor has abandoned his Adjustment of Status application and has subjected himself to fingerprinting and biometric processes more than once in addition to making several reasonable and diligent inquiries of the USCIS as to the status of his long pending Adjustment of Status application...

## CLAIM FOR RELIEF

- Defendants willfully and unreasonably delayed and refused to adjudicate the Plaintiff's adjustment of status application thereby depriving the Plaintiff of peace of mind to which Plaintiff is entitled under the law.

- Defendants owe Plaintiff a duty to act upon his adjustment application and have unreasonably failed to perform that duty. Plaintiff has provided all relevant information and facts to his case.

- Plaintiff has exhausted all administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendant's willful and neglectful delay in adjudicating Plaintiff's application for adjustment of status to that of a US lawful permanent resident.

**WHEREFORE**, Plaintiff prays that this Court

1. Assume jurisdiction of this case

2. Enter an order that this case be sustained as an individual action

3. Declare that USCIS's holding in abeyance and/or refusal to adjudicate Plaintiff's adjustment of status application for the past several years is contrary to the provisions of immigration policy and its own rulings while declaring the Defendants' actions herein as arbitrary, capricious and abusive of discretion

4. Compel defendants and those acting under them to perform their duty to act upon the application for adjustment of status filed by plaintiff

5. Declare that regardless of the date of the Court's decision the Plaintiff Abdul Wakeel Akbarzai be deemed eligible to adjust his status

6. Grant such other and further relief as this Court deems proper and under the circumstances,

Dated: New York, New York
August 21, 2007

Respectfully,

Carlos Moreno, Esq
Attorney for Plaintiff
P. O & Address
352 Seventh Avenue
Suite 1204\
New York, NY 10001
212-631-7555